1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11   ALAN VOGEL,

12                                      NO. CIV. 07-2275 WBS EFB
                  Plaintiff,
13                                      _____
          v.                            MEMORANDUM AND ORDER RE:
14                                      MOTION TO REMAND
     DOLLAR TREE STORES, INC., a        _____
15   Virginia Corporation; DOLLAR
     TREE WEST, INC., a Virginia
16   Corporation; CANDANCE CAMP; and
     DOES 1 through 50, inclusive,
17
                  Defendants.
18

19                              ----oo0oo----

20        Plaintiff Alan Vogel filed this action against

21   defendants Dollar Tree Stores, Inc. ("Dollar Tree"), Dollar Tree

22   West, Inc., and Candance Camp[1] based on Dollar Tree's termination

23   of Vogel after he suffered a knee injury.  Defendant Dollar Tree

24   removed the matter based on diversity jurisdiction, 28 U.S.C. §

25   1332, and plaintiff now moves to remand the case to state court.

26   _____

27        [1]   In its answer, Dollar Tree states that Candance's first
     name is actually Candace (Answer ¶ 4); however, all other
     documents by all parties use the name "Candance," therefore the
28   court will as well.

                                     1

1    I.    <u>Factual and Procedural Background</u>

2            Plaintiff began working for Dollar Tree in 1988 and, in

3    about 1997, was promoted to Store Manager at the Watt Avenue

4    Dollar Tree Store.  (First Am. Compl. ¶ 11.)  Plaintiff alleges

5    that, because of his loyalty, dedication, and performance, he

6    received good performance evaluations, awards, recognition, and

7    benefits during his tenure at Dollar Tree.  (<u>Id.</u> at ¶¶ 11-12.)

8            In August of 2006, plaintiff allegedly sustained a

9    work-related injury to his right knee.  (<u>Id.</u> at ¶ 13.)  After

10   working with his injured knee for three weeks, plaintiff filed a

11   workers' compensation claim.  (<u>Id.</u>)  On October 22, 2006,

12   plaintiff's physician diagnosed him with a posterior horn tear of

13   the medial meniscus in his right knee and approved him for "light

14   duty" work that did not require kneeling.  (<u>Id.</u> at ¶¶ 13, 15.)

15   Despite receipt of these restrictions, Dollar Tree allegedly

16   failed to make reasonable accommodations for plaintiff to

17   continue working.  (<u>Id.</u> at ¶ 16.)  In November of 2006, Dollar

18   Tree's company doctors performed an Independent Medical

19   Examination that confirmed the likelihood that plaintiff had torn

20   the medial meniscus in his knee.  (<u>Id.</u> at ¶ 14.)

21           In January of 2007, plaintiff had knee surgery and

22   informed Dollar Tree that he was approved to return to "modified

23   duty" on January 22, 2007.  (<u>Id.</u> at ¶¶ 17, 18.)  Plaintiff did

24   not return to work at that time and, after submitting another

25   medical progress report to Dollar Tree that indicated plaintiff

26   could return to "modified duty," plaintiff informed Camp, the

27   human resources manager at Dollar Tree, that he wanted to return

28   to work.  (<u>Id.</u> at ¶ 19.)  Camp allegedly told plaintiff that he

                                    2

1  could not return to work until his physicians gave him a full

2  release.  (Id.)  On April 12, 2007, plaintiff received a full

3  release and forwarded it to Dollar Tree.  (Id. at ¶ 20.)  Four

4  days later, Camp informed him that he was terminated for failing

5  to return to work on March 14th.  (Id.)

6          After receiving a "right-to-sue" letter from the

7  California Department of Fair Employment and Housing, plaintiff

8  filed suit in state court.  (Id. at ¶ 25.)  On October 24, 2007,

9  defendant Dollar Tree removed the case to this court based on

10 diversity jurisdiction, 28 U.S.C. § 1332.  When Dollar Tree filed

11 its notice of removal, plaintiff had not served Camp.  On

12 November 23, 2007, plaintiff brought this motion to remand the

13 case to state court based on a lack of diversity jurisdiction.

14 II.  Discussion

15         Removal of a case filed in state court is substantively

16 appropriate if "the district courts of the United States have

17 original jurisdiction . . . ."  28 U.S.C. § 1441(a).  A district

18 court will have original jurisdiction based on diversity when

19 there is complete diversity between the parties and the amount in

20 controversy is greater than $75,000.  Id. § 1332(a).

21 Procedurally, diversity cases may be removed "only if [no

22 defendant] is a citizen of the State in which the action is

23 brought" when notice of removal is filed.  Id. § 1441(b); Spencer

24 v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 871 (9th

25 Cir. 2004); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 936

26 (9th Cir. 2006) (section 1441(b) is only a procedural limitation

27 on removal and can be waived).

28         When a plaintiff moves to remand a case, the defendant

3

1  bears the burden of establishing that removal was proper.  <u>Gaus</u>
2  <u>v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  Any questions
3  regarding the propriety of removal are resolved in favor of the
4  party moving for remand.  <u>Matheson v. Progressive Speciality Ins.</u>
5  <u>Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).  If removal was
6  improper, "the district court lack[s] subject matter
7  jurisdiction, and the action should [be] remanded to the state
8  court." <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 (9th Cir. 1998)
9  (citing § 1447(c)).

10       In seeking to remand this case, plaintiff alleges that
11  removal was procedurally and substantively defective because
12  plaintiff and Camp are both California citizens.  Dollar Tree
13  does not dispute that Camp is a California citizen; however, it
14  contends that removal was proper because (1) Camp was not served
15  at the time the case was removed and (2) plaintiff fraudulently
16  joined Camp to prevent removal.

17       A.   <u>Service of Camp</u>

18       Dollar Tree argues that Camp's citizenship should not
19  be considered because, at the time Dollar Tree removed the case,
20  plaintiff had not served Camp.  (Def.'s Opp'n to Pl.'s Mot. to
21  Remand 2:8-23.)  According to Dollar Tree, when determining
22  whether removal is proper, this court should look only to the
23  citizenship of those defendants who were actually served before
24  the removal papers were filed.  This would mean that, even if
25  there is not complete diversity between the parties, the court
26  would be required to exercise diversity jurisdiction over a case
27  so long as plaintiff fortuitously served a diverse party before
28  serving any non-diverse parties.  Not only is Dollar Tree's

4

1  position inconsistent with Ninth Circuit precedent and every case
2  Dollar Tree cites, it is an absurd request for this court to
3  ignore the substantive limitations on its Article III power.  <u>See</u>
4  <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802 (9th
5  Cir. 2001) ("Obviously, a district court has no discretion to
6  exceed the scope of its Article III power.").

7        Section 1441(b) provides that, when jurisdiction is
8  based on diversity, a case may "be removable only if none of the
9  parties in interest <u>properly joined and served</u> as defendants is a
10  citizen of the State in which such action is brought."  28 U.S.C.
11  § 1441(b) (emphasis added).  This is because § 1446(a) and
12  decisions interpreting it establish that all served defendants
13  must join in a notice of removal.  <u>Id.</u> § 1446(a); <u>Emrich v.</u>
14  <u>Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("This
15  general rule applies, however, only to defendants properly joined
16  and served in the action.") (internal citations omitted); <u>Abrego</u>
17  <u>Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 681 (9th Cir. 2006)
18  (discussing the "judge-created requirement that each defendant
19  consent to removal") (citations omitted).  Thus, when read
20  together, these subsections dictate the result that, for removal
21  to be <u>procedurally</u> proper, an in-state defendant cannot seek
22  removal by initiating the notice of removal or joining in it.

23        The conclusion that Camp is not required to join in the
24  notice of removal and that Camp's in-state citizenship is not
25  considered under § 1441(b) is consistent with many court
26  decisions that have interpreted § 1441(b)'s "properly joined and
27  served" language.  <u>See</u> <u>Johnson v. Precision Airmotive, LLC</u>, No.
28  4:07CV1695, 2007 WL 4289656, at *6 (E.D. Mo. Dec. 4, 2007)

5

1  (characterizing this approach as the majority view).  However,

2  even if removal is procedurally proper under §§ 1441(b) and 1446,

3  it does not follow that removal is substantively proper under §§

4  1441(a) and 1332.  Section 1441(a) vests jurisdiction in this

5  court only if the court could exercise "original jurisdiction"

6  over the "civil action." 28 U.S.C. § 1441(a).  Where federal

7  jurisdiction is predicated on diversity of citizenship, neither

8  §§ 1441(a) and 1332 nor existing precedent allow this court to

9  superficially find diversity by ignoring the citizenship of

10 unserved defendants.

11       On the contrary, the sections require that this court

12 have jurisdiction over the entire "civil action," regardless of

13 which defendants plaintiff has served. Preaseau v. Prudential

14 Ins. Co. of Am., 591 F.2d 74, 78 (9th Cir. 1979) ("[T]his court

15 has specifically rejected the contention that § 1441(b) implies

16 that service is the key factor in determining diversity.")

17 (citing Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176

18 n.1 (9th Cir. 1969) (rejecting the argument that "§ 1441(b), by

19 implication, expanded removal jurisdiction to permit removal,

20 despite want of diversity, if a resident defendant whose presence

21 would defeat diversity had not been served")).

22       All of the cases Dollar Tree cites also underscore that

23 § 1441(b) does not alter the threshold requirement that complete

24 diversity must exist for the court to exercise diversity

25 jurisdiction.[2]  The court, therefore, rejects Dollar Tree's

26

27       [2]  See McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir.
28 2001) ("Where there is complete diversity of citizenship, . . .
   the inclusion of an unserved resident defendant in the action

6

1  misguided invitation to allow language from § 1441(b) to vitiate

2  the substantive limits on its Article III power.

3      Accordingly, even if Camp's citizenship need not be

4  considered for purposes of § 1441(b), the court must consider

5  Camp's California citizenship to determine if removal was

6  substantively appropriate--i.e., if this court can exercise

7  diversity jurisdiction over the case.

8      B.   Fraudulent Joinder

9      "Fraudulent joinder is a term of art.  If the plaintiff

10 fails to state a cause of action against a resident defendant,

11 and the failure is obvious according to the settled rules of the

12 state, the joinder of the resident defendant is fraudulent."

13 McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)

14 (citing Moore's Federal Practice ¶ O.16[2] (1986)); see also

15 Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)

16 ("It is a commonplace that fraudulently joined defendants will

17 not defeat removal on diversity grounds.") (citations omitted).

18      To determine whether plaintiff fraudulently joined

19 Camp, the court must look to the claims plaintiff asserted

20 against Camp in his original complaint, not in his post-removal

21

22 does not defeat removal under 28 U.S.C. § 1441(b).") (emphasis
   omitted) (citations omitted); Johnson, 2007 WL 4289656, at *5-*6
23 (emphasizing that the non-served defendants did not defeat
   diversity); Ripley v. Eon Labs, Inc., No. 07-912, 2007 WL
24 2406806, at *2 (N.J. Aug. 16, 2007) (explaining that a case
   removed based on diversity must satisfy §§ 1332 and 1441(b));
25 Waldon v. Novartis Pharms. Corp., No. 07-01988, 2007 WL 1747128,
   at *1 (N.D. Cal. June 18, 2007) (discussing removal under §
26 1441(b) only because complete diversity existed between the
   parties); Massey v. Cassens & Sons, Inc., No. 05-598, 2006 WL
27 381943, at *2 (S.D. Ill. Feb. 16, 2006) ("[I]f diversity
   jurisdiction exists, only a 'joined and served' resident
28 defendant prevents bars [sic] removal [under § 1441(b)].").

1   amended complaint.  <u>Williams v. Costco Wholesale Corp.</u>, 471 F.3d

2   975, 976 (9th Cir. 2006) ("We have long held that post-removal

3   amendments to the pleadings cannot affect whether a case is

4   removable, because the propriety of removal is determined solely

5   on the basis of the pleadings filed in state court.") (citations

6   omitted).  In his original complaint, plaintiff asserts three

7   claims against Camp: 1) age discrimination, harassment, and

8   retaliation in violation of California's Fair Employment and

9   Housing Act (FEHA); 2) physical disability discrimination,

10   harassment, and retaliation in violation of public policy; and 3)

11   wrongful termination in violation of public policy.  Defendant

12   argues that plaintiff fraudulently joined Camp because, as an

13   individual employee, Camp cannot be liable under any of

14   plaintiff's claims.

15         The retaliation provision of FEHA makes it unlawful

16   "[f]or any employer, labor organization, employment agency, or

17   person to discharge, expel, or otherwise discriminate against any

18   person because the person has opposed any practices forbidden

19   under [FEHA] . . . ."  Cal. Gov't Code § 12940(h).  California

20   courts and the Ninth Circuit have held that, because section

21   12940 applies to "any person," a plaintiff can assert a

22   retaliation claim against an individual.  <u>Walrath v. Sprinkel</u>, 99

23   Cal. App. 4th 1237, 1242 (2002); <u>Winarto v. Toshiba Am. Elecs.</u>

24   <u>Components, Inc.</u>, 274 F.3d 1276, 1288 (9th Cir. 2001).

25         On June 13, 2007, the California Supreme Court granted

26   review of a case to decide the limited issue of "[w]hether an

27   individual may be held personally liable for retaliation under

28   [FEHA]."  <u>Jones v. Lodge at Torrey Pines P'Ship</u>, 61 Cal. Rptr. 3d

1 (2007).  However, because the California Supreme Court has not
yet rendered a decision, this court will follow the existing
precedent allowing a plaintiff to bring a retaliatory discharge
claim against an individual.  <u>See</u> <u>Ivan Allen Co. v. U.S.</u>, 493
F.2d 426, 427 n.2 (5th Cir. 1974) (following existing legal
consensus despite the fact that the same core legal issue was
currently on appeal to Ninth Circuit); <u>Miller v. Cont'l Airlines,</u>
<u>Inc.</u>, No. 02-1693, 2003 WL 21557678, at *6 (N.D. Cal. July 1,
2003) (acknowledging precedent of two similar district court
cases despite their pending status before their respective Courts
of Appeal).

        FEHA makes it illegal to "discharge, expel, or
otherwise discriminate against any person because the person has
opposed any practices forbidden under this part or because the
person has filed a complaint, testified, or assisted in any
proceeding under this part."  Cal. Gov't Code § 12940(h).  "To
establish a prima facie case of retaliation, '. . . the plaintiff
must show that he engaged in a protected activity, his employer
subjected him to adverse employment action, and there is a causal
link between the protected activity and the employer's action."
<u>Iwekaoqwu v. City of Los Angeles</u>, 75 Cal. App. 4th 803, 814
(1999) (citing <u>Flait v. N. Am. Watch Corp.</u>, 3 Cal. App. 4th 467,
475 (1992)).  Defendant argues that plaintiff's original
complaint does not allege that plaintiff engaged in a protected
activity.

        Plaintiff's assertion that he filed a workers'
compensation claim sufficiently alleges a protected activity for

9

purposes of his FEHA claim.[3]   While Dollar Tree correctly notes

that plaintiff's right to file a workers' compensation claim is

codified in the California Labor Code, not in FEHA, it does not

follow that filing a workers' compensation claim cannot

constitute a protected activity for a FEHA claim.   Specifically,

while section 12940(h) of FEHA requires that FEHA prohibit the

employer's practice, it does not require that FEHA provide the

means for the employee to oppose that practice.   <u>See</u> Cal. Gov't

Code § 12940(h) (limiting "practices" to "practices forbidden

under this part," but not similarly limiting "opposed").

Both Judge Damrell and Judge Levi have already

concluded that a plaintiff's allegation that he filed a workers'

compensation claim sufficiently pleads a "protected activity."

<u>Rund v. Charter Commc'ns, Inc.</u>, No. 05-00502, 2007 WL 852035, at

*9 (E.D. Cal. Mar. 20, 2007); <u>Davis v. State of Cal. Dep't of</u>

<u>Corrs.</u>, No. 93-1307, 1996 WL 271001, at *16, *77 (E.D. Cal. Feb.

23, 1996) (explaining that "protected activity" for FEHA is the

same as "protected activity" for Title VII of the Civil Rights

Act and determining that filing a workers' compensation claim

constituted a protected activity for a Title VII claim).

Therefore, plaintiff has sufficiently alleged that he engaged in

a "protected activity" in order to plead a FEHA retaliatory

discharge claim against Camp.

---

[3]      Plaintiff also alleges that he "opposed, objected to
acquiescing in such unlawful discrimination, harassment and
retaliation."   (Compl. ¶ 28.)   However, plaintiff's complaint
does not allege any facts supporting his assertion.   <u>See</u> <u>Clegg v.</u>
<u>Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994)
("[T]he court is not required to accept legal conclusions cast in
the form of factual allegations if those conclusions cannot
reasonably be drawn from the facts alleged.").

1    Because the court concludes that plaintiff's original

2 complaint sufficiently alleges at least one cognizable claim

3 against Camp, the court need not examine plaintiff's other claims

4 to conclude that plaintiff properly joined Camp.  See McCabe v.

5 Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (discussing

6 fraudulent joinder).  Accordingly, Camp's California citizenship

7 must be considered when determining the propriety of removal and,

8 because plaintiff is also a California citizen, this court lacks

9 diversity jurisdiction and must remand the case to state court.[4]

10    IT IS THEREFORE ORDERED that plaintiff's motion to

11 remand be, and the same hereby is, GRANTED.  This matter is

12 hereby REMANDED to the Superior Court of the State of California

13 in and for the County of Sacramento.

14 DATED:  January 11, 2008

15

16 _____

17 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

18

19

20

21
_____
22    [4]    Removal is also rendered improper, and remand is
therefore also required, by the prohibition in 28 U.S.C. §
23 1445(c), which provides that "[a] civil action in any State court
arising under the workmen's compensation laws of such State may
24 not be removed to any district court of the United States."  In
his third claim, plaintiff alleges that one of the public
25 policies his termination violated is the public policy against
firing an employee because the employee filed a workers'
26 compensation claim, which is codified in California's workers'
compensation laws.  Cal. Labor Code § 132a.  In Hamblin v.
27 Coinstar, Inc., No. 07-1258, 2007 WL 4181822, at *3 (E.D. Cal.
Nov. 21, 2007), this court concluded that § 1445(c) barred
28 removal of a case where plaintiff alleged defendant wrongfully
discharged her after she filed a workers' compensation claim.